## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DAISY M. ROWELL,                    )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )        Case No. CIV-06-1145-F
                                    )
MICHAEL J. ASTRUE,[1]               )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
                    Defendant.      )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, Ms. Daisy M. Rowell, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits and supplemental security income benefits.[2]  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  The Commissioner has answered and filed the administrative record (AR).  Both parties have briefed their respective positions, and the matter is now at issue.  It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

---

[1]Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2]Plaintiff initially filed only for supplemental security income benefits.  After determining that Plaintiff was insured for disability benefits through December 31, 2007, the Commissioner considered Plaintiff's application as "concurrent" applications for disability insurance benefits as well as supplemental security income benefits.  AR 15.

## I.   <u>Procedural Background</u>

Plaintiff's application for benefits was denied initially and upon reconsideration.  AR 23-24.  Upon Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on November 16, 2005.  AR 190-217.  The ALJ issued an unfavorable decision on June 1, 2006. AR 11-22.

The Appeals Council denied Plaintiff's request for review on August 14, 2006, and the decision of the ALJ became the final decision of the Commissioner.  AR 6-9.

## II.   <u>The Administrative Decision</u>

The ALJ applied the five-step sequential evaluation process, *see Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), and found at step one that Plaintiff had not engaged in substantial gainful activity since the amended disability onset date, November 1, 2002.  AR 17.  At step two, the ALJ determined that Plaintiff has chronic obstructive pulmonary disease (COPD) with pleuritic pain and degenerative changes of the thoracic spine, conditions which are severe within the meaning of the Social Security regulations.  AR 17.  At step three, the ALJ determined that Plaintiff's severe impairments do not meet or equal any of the impairments that are considered presumptively disabling listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 17-18.  At step four, the ALJ determined Plaintiff's residual functional capacity (RFC) and found that Plaintiff can perform "a range of light and sedentary work" including her past relevant work as an electronics worker.  AR 21. Additionally, however, the ALJ determined, based on the testimony of a vocational expert (VE), that Plaintiff can perform other sedentary jobs existing in significant numbers in

2

Oklahoma and in the national economy including order clerk, surveillance systems monitor, and printed circuit board assembler.  AR 21.

## III.   Plaintiff's Medical History

Plaintiff has a history of chronic restrictive lung disease with shortness of breath, asthma, and "left sided lower chest pain pleuritic in nature."  AR 118, 130.  She has also been diagnosed with "minimal early changes of degenerative disk disease at T7-T8."  AR 144. A spirometry test dated July 16, 1993, indicated severe chest restriction, improved after use of a broncho-dilator.  AR 159.  A spirometry report dated January 27, 2005, states that the testing indicated mild restriction.  The report assessed Plaintiff's "lung age," however, at 89 years.  AR 136.  There are references to Plaintiff's cigarette smoking throughout the medical record.

Plaintiff has complained of pain in her left lower chest for several years.  The report of a chest x-ray dated September 27, 2000, states that Plaintiff had had "[l]ow thoracic pain for 6 weeks," by that date.  AR 166.  The chest x-ray itself, however, was "normal" as was a CT scan of Plaintiff's abdomen dated September 28, 2000.  AR 165-166.  A subsequent examination revealed no evidence of "acute osseous injury or destructive lesion of the thoracic spine, ribs, or sternum."  AR 167.

When Plaintiff first sought treatment for her chest pain, Dr. Jon L. Hlavinka explored the possibility that Plaintiff was experiencing post herpetic neuralgia, pain associated with shingles.  AR 154-155.  It is unclear whether or not Plaintiff had actually had shingles, however, and the record indicates that the pain has persisted.

Dr. Samantha Lewellen has been treating Plaintiff since December 30, 2003.  AR 129.

Plaintiff was still complaining of pain in her left lung.  Dr. Lewellen's medical notes record

Plaintiff's persistent complaints of left lung pain.  *See* AR 127-129, 177-180.[3]

On November 7, 2005, Dr. Lewellen responded to interrogatories propounded by

Plaintiff's attorney.  AR 173-175.  Dr. Lewellen stated that she was treating Plaintiff for

back, chest and abdominal pain, shortness of breath, chronic cough, fatigue, and severe

COPD with chronic obstructive bronchitis.  Dr. Lewellen stated that Plaintiff's subjective

complaints of severe chest pain and fatigue are consistent with her medical history and

diagnosis.  AR 173.  Dr. Lewellen stated that Plaintiff is able to sit upright less than 30

minutes at one time for a total of less than two hours in an eight-hour day; that she is able to

stand less than 30 minutes at a time for a total of less than two hours in an eight-hour day;

that she is able to walk less than 30 minutes at a time for a total of less than one hour in an

eight-hour day; and that she is able to functionally lift less than 10 pounds frequently.  AR

174.  Finally, Dr. Lewellen stated that Plaintiff would not be able to complete a normal work

week, eight hours per day, without marked interruptions from pain, fatigue or physically

based symptoms that would impair her ability to perform at a consistent pace; that she would

require more than the usual 15 minute breaks in the morning and afternoon with a 30 minute

lunch break; and that Plaintiff's medical condition was not likely to improve.  AR 175.

---

[3]Plaintiff's medical records include reports and notes from other doctors, including doctors Plaintiff saw during emergency room visits, which document similar complaints of pain.  AR 143, 146, 149, 150-151, 152-157, 161.

4

Plaintiff's testimony is consistent with Dr. Lewellen's opinions.  Plaintiff testified that she is able to sit for only 30 minutes before she has to change positions.  AR 208-209.  She testified that she frequently lies down and uses a heating pad to help her pain.  AR 209.  Plaintiff testified that she is frequently prescribed Prednisone and antibiotics to combat the effects of her frequent bouts of chronic obstructive bronchitis.  She takes Albuterol, Advair, and Combivent daily and takes breathing treatments with Pulmicort at least four times per day, approximately every three hours.  AR 205-207.

**IV.   <u>Issues Presented for Judicial Review</u>**

Plaintiff presents the following issues for judicial review: (1) whether the ALJ failed to properly apply the "treating physician rule" in her analysis of the medical evidence; (2) whether the ALJ erred in formulating Plaintiff's RFC; (3) whether the ALJ erred in finding Plaintiff could perform her past work; (4) whether the ALJ erred in finding that Plaintiff could perform other work; and (5) whether the ALJ erred in failing to properly evaluate Plaintiff's credibility.

**V.   <u>Standard of Review</u>**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied.  *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

## VI.   Analysis

### A.   Claim One – Whether the ALJ Erred in Weighing the Opinion of Plaintiff's Treating Physician

Plaintiff challenges the ALJ's consideration and evaluation of medical records and opinions from her treating physician, Dr. Samantha Lewellen. As discussed above, Dr. Lewellen's interrogatory answers indicate her opinion that Plaintiff's medical condition has rendered her unable to perform even sedentary work.[4] The ALJ did not follow the agency's regulations in considering Dr. Lewellen's opinion.

Under the "treating physician rule," greater weight is generally given to the opinions of sources of information who have treated the claimant than of those who have not. *See Hackett*, 395 F.3d at 1173-1174 (*citing Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). First, the ALJ must determine whether the opinion of a treating source should be

---

[4]Dr. Lewellen's assessment of Plaintiff's RFC is the only such assessment in the record.

given controlling weight. *Id.* at 1174.  Using a sequential analysis, an ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record."  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quotation omitted).  If an opinion fails to satisfy either of these conditions, it "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected."  *Id.* (*quoting* SSR 96-2p, 1996 WL 374188, at \*4).  Non-controlling opinions "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'"  *Id.*  Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *Id.* at 1301 (quotation omitted).  If the ALJ chooses to reject a treating physician's opinion entirely, the ALJ must set forth specific legitimate reasons for doing so.  *See Langley v. Barnhart*, 373 F.3d at 1119.  As explained in policy interpretations regarding treating source evidence:

> Because treating source evidence (including opinion evidence) is important,
> if the evidence does not support a treating source's opinion on any issue
> reserved to the Commissioner and the adjudicator cannot ascertain the basis

of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

Soc. Sec. Rul. 96-5p, 1996 WL 374183 at *6-7.

In this case, the ALJ did not directly address the question as to whether Dr. Lewellen's opinion regarding Plaintiff's inability to perform even sedentary work should be given controlling weight. The ALJ merely stated that she had "considered all medical opinions according to the directives of 20 C.F.R. § 404.1527 and § 416.927 and Social Security Ruling 96-2p, Ruling 96-5p, and Ruling 96-6p." AR 20. Because the ALJ found that Plaintiff can perform a range of light and sedentary work, however, it is clear that the ALJ did not afford controlling weight to Dr. Lewellen's opinion. The ALJ also failed to specify the weight she afforded Dr. Lewellen's opinion, but she apparently gave the opinion little or no weight as evidenced by the ALJ's determination of Plaintiff's RFC. The ALJ mentions several factors which apparently influenced her consideration of Dr. Lewellen's opinion, but none constitute legitimate reasons for rejecting it. The ALJ commented that Dr. Lewellen's opinion was made "in contemplation of the hearing." She stated that Dr. Lewellen's reports of lung pain "always are placed in quotes, indicating that it might not be lung-related." Finally, the ALJ states that two x-rays showed Plaintiff's lungs were "clear." AR 21.

The Commissioner contends the ALJ's comment concerning the origin of the interrogatories answered by Dr. Lewellen insinuates that Dr. Lewellen's opinion "appeared to advocate for Plaintiff's disability rather than serve as a true reflection of Plaintiff's

limitations."   Brief in Support of Commissioner's Decision [Doc. #14] at 7.   As Plaintiff points out, however, the ALJ did not explain or elaborate on her observation that the opinion was "in contemplation of the hearing," and the Commissioner's attempt to explain the alleged significance of the statement is an impermissible post hoc justification of the ALJ's decision. *See* Plaintiff's Reply Brief [Doc. #15] at 3 (*citing Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (declining to affirm district court's post hoc effort to salvage the ALJ's erroneous analysis)).   Moreover, the Tenth Circuit has rejected the notion that a treating physician's opinion may be rejected based on the assumption that the treating physician "advocates" the patient's cause.   *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987).

Likewise, neither of the ALJ's other statements constitutes a legitimate reason for discrediting or rejecting Dr. Lewellen's opinion.   If anything, the statements indicate that the ALJ is speculating regarding the medical significance of Dr. Lewellen's use of quotation marks around the work "lung" and two x-rays labeled as "clear."   The ALJ made no effort to recontact Dr. Lewellen to clarify basis and significance of these notations, as required by agency regulations.

In sum, the ALJ's treatment of Dr. Lewellen's opinion is inadequate and incomplete and not in compliance with the specific rules that must be followed in weighing a treating physician's opinion.   This legal error requires reversal and remand for further proceedings.

B.    **Claim Two – Whether the ALJ Erred in Formulating Plaintiff's RFC**

The ALJ concluded that Plaintiff retains the RFC to perform the exertional requirements of a range of light and sedentary work (AR 21) and made the following RFC findings:

> [T]he Administrative Law Judge finds that the claimant has the residual functional capacity to lift and/or carry and push and/or pull twenty pounds, ten pounds on a frequent basis.  She can stand and/or walk for a total of four hours in a work day.  She can stoop, crouch, kneel, and climb occasionally.  She cannot work in environments with concentrated exposures to dust fumes, gases and chemicals.

AR 18.  *See also* AR 21.  It is immediately apparent that the ALJ's assessment of Plaintiff's RFC is incomplete.  Although she accounts for four hours in a workday during which she found that Plaintiff could walk or stand, she does not account for the remaining four hours in an eight-hour workday.  The only document addressing Plaintiff's RFC in the record is the answers to interrogatories by Plaintiff's treating physician, Dr. Lewellen, who stated that Plaintiff can sit for only 30 minutes at one time for less than two hours in an eight-hour workday. AR 174.  The ALJ's RFC findings are incomplete and not supported by substantial evidence in the record as a whole.  This case should be reversed and remanded for further proceedings on this basis as well.

C.    **Claim Three – Whether the ALJ Erred in Finding that Plaintiff Could Perform Past Relevant Work; and Claim Four – Whether the ALJ Erred in Finding that Plaintiff Could Perform Other Work**

The ALJ determined that Plaintiff's RFC would allow her to perform her past relevant work as an electronics worker as well as other jobs.  AR 21.  Plaintiff's RFC must be

reconsidered on remand in light of the ALJ's failure to properly analyze the opinion of Plaintiff's treating physician, her failure to complete the RFC analysis, and her failure to formulate an RFC supported by substantial evidence.  As Plaintiff notes, however, the ALJ's conclusion that Plaintiff "is able to perform [electronics worker job] as actually performed" does not clearly indicate whether the ALJ is referring to the job as Plaintiff actually performed it or as the job is actually performed in the national economy.  The distinction could be important as the Dictionary of Occupational Titles (DICOT) indicates that an electronics worker could expect to be occasionally exposed to toxic caustic chemicals.  *See* DICOT § 726.687-010 Electronics Worker.  Such exposure could be incompatible with the ALJ's RFC finding that Plaintiff "cannot work in environments with concentrated exposures to dust, fumes, gases, and chemicals."  AR 18.  On remand, all of the demands of Plaintiff's past relevant work as well as her capability to perform other work should be carefully reconsidered and any finding as to Plaintiff's ability to perform her past relevant work must be supported by substantial evidence in the record.

### D.    Claim Five – Whether the ALJ Properly Evaluated Plaintiff's Credibility

The ALJ assessed Plaintiff's credibility and found that Plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms." AR 19.  The ALJ determined, however, that Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  *Id.*  Plaintiff takes issue with the ALJ's conclusion that Plaintiff's testimony regarding her subjective complaints of pain was not "entirely" credible.

11

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). Moreover, to be considered disabling, pain must be so severe, either by itself or combined with other impairments, that it precludes any substantial gainful employment. *See Brown v. Bowen*, 801 F.2d 361, 362-363 (10th Cir. 1986). "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted). The Tenth Circuit Court of Appeals has explained the proper analysis of subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* (quotation omitted). In assessing an individual's credibility regarding symptoms, the administrative law judge should consider factors such as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and

12

relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (*citing Huston v. Bowen*, 838 F.2d 1125 (10th Cir. 1988)).  Additionally, credibility findings should be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler*, 68 F.3d at 391.  Nevertheless, the Tenth Circuit has "not reduced credibility evaluations to formulaic expressions: '*Kepler* does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.'"  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (*quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

In this case, the ALJ based her credibility findings on Plaintiff's reported daily activities, on x-ray reports taken while Plaintiff was employed which already showed lung markings, and on Plaintiff's self-reported smoking habits.

The ALJ listed Plaintiff's daily activities which she deemed inconsistent with Plaintiff's reported impairments:

> [Plaintiff] does crossword puzzles, reads, does the dishes, visits her daughters and grandchildren, makes sandwiches and frozen dinners, shops, feeds the dogs, and drives some.[5]

AR 20.  Plaintiff testified that she spends most days "watching TV, or doing a crossword puzzle, or laying [sic] down."  AR 201.  "Once in a while" she visits her daughter, who lives

---

[5]In fact, however, Plaintiff testified that she does not drive, that she had not had a driver's license since she was sixteen, and that she has only driven "out in the country and stuff a couple of times when necessary."  AR 202.

"a couple of blocks away," but she does not attend the school activities of her grandchildren, nor does she play games with them. AR 201. Though she testified that she does the dishes "sometimes," she indicated that she does not dust, vacuum or do the laundry. AR 202. The only meals Plaintiff prepares are "fast meals," and she shops for groceries only once a month. AR 202. Although this court does not reweigh the evidence supporting an ALJ's conclusions, it is readily apparent that these limited daily activities are not inconsistent with Plaintiff's reported limitations. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain). Notably, none of Plaintiff's treating physicians has ever indicated that Plaintiff was either malingering or exaggerating her symptoms. In fact, Plaintiff's treating physicians have frequently prescribed Prednisone and inhalers for Plaintiff's breathing problems. In 2000, Dr. Hlavinka prescribed various pain medications as well, including Vioxx and Vicodin, both of which Plaintiff quit taking because of the adverse side effects. AR 153.

The ALJ relied heavily on Plaintiff's unfortunate habit of cigarette smoking to discredit Plaintiff's subjective complaints. The ALJ states that Plaintiff "has been inconsistent in reporting her smoking amount." AR 20. The number of cigarettes Plaintiff reports smoking may have varied over the years, as reflected in the medical records. Without more, however, this fluctuation does not reflect negatively on Plaintiff's credibility. The ALJ's comment that the "claims representative commented that it sounded like a lighter was being lit during the telephone interview," AR 20, has minimal, if any, relevance to Plaintiff's

credibility.  Plaintiff has never pretended that she does not smoke.  Finally, the ALJ  states that individuals with disabling impairments generally "follow medical advice and attempt different forms of treatment to obtain relief from some of the significant symptoms." AR 20. The ALJ may be insinuating that if Plaintiff  were truly enduring disabling pain, she would quit smoking.  This doubtful logic is not explicitly stated, however, and it ignores well-known scientific facts regarding the addictive qualities of nicotine.  Moreover, there is no indication that cessation of smoking would render Plaintiff pain-free and able to work.  The ALJ's credibility analysis is thus flawed, and her conclusion is not supported by substantial evidence.

The ALJ's failure to follow the correct rules in addressing Plaintiff's credibility and allegations of disabling pain and her failure to closely and affirmatively link her credibility findings to substantial evidence requires reversal and remand for further proceedings.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by September __17th__, 2007.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate

review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656

(10th Cir. 1991).                     **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this

matter.

ENTERED this __27th__ day of August, 2007.


_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE